UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | No. 2:19-cv-2481 AC |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed this lawsuit in the Superior Court for Sacramento County. Defendants Lynch and Jubb appeared, and removed the case to this court pursuant to 28 U.S.C. § 1441. ECF No. 1. For the reasons that follow, defendants are ordered to show cause why the case should not be remanded to state court.

I.      Legal Standards Governing Removal and Remand

A defendant sued in state court may remove to the appropriate federal district court any civil action over which the district courts have original jurisdiction. See 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction, in pertinent part, over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citing, inter alia,

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

It is defendant's burden, as the removing party, to establish that the federal court has jurisdiction over the removed case.  See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393-94 (9th Cir. 1988) (when removing on the basis of federal question jurisdiction, "[t]he party invoking the removal statute bears the burden of establishing federal jurisdiction").  However, "[u]nder § 1447(c), the district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'"  Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).

## II.     The Complaint

Plaintiff's complaint presents two claims for general negligence, one of which is further designated by plaintiff as involving "discrimination."  ECF No. 1 at 9, 10.  No statutory or other legal basis for either cause of action is specified.  Both claims arise from plaintiff's transfer from Mule Creek State Prison to CSP-Sacramento, where he was stabbed.  Plaintiff alleges in sum that the defendants knew he was a whistle-blower who had experienced a history of retaliation and whose safety would be jeopardized at CSP-Sacramento, but they failed to ensure his safety.

In the cause of action suggesting that the failure to protect him involved discrimination as well as negligence, plaintiff alleges: "I'm be[ing] discriminated in retaliation for complaints and… whistleblowing of abuse."  Id. at 10.  He also states: "I'm in a MFS Min B facility as a non-violent 2nd striker.  Being discriminated in a equal protection clause."  Id.  The complaint's Statement of Facts, id. at 11-23, largely addresses plaintiff's history as a whistleblower, his safety concerns and the alleged negligence of the defendants.  The only further reference to "discrimination" is the allegation that "plaintiff is being fully discriminated from A Work Group F credits @ MSF Facility Minimum B."  Id. at 17.  Plaintiff alleges he is wrongfully being denied good conduct credits in retaliation for being a whistle-blower against CDCR staff.  Id.  He contends this implicates "equal protection and/or discrimination, for retaliation."  Id. at 18.  He

further alleges that he has been misclassified as a second striker. Id. at 19-20.

### III. Discussion

The complaint before the court does not purport to bring suit for civil rights violations under 42 U.S.C. § 1983, nor does it identify any other federal law as the legal basis for a cause of action. General negligence is exclusively a state law matter. While plaintiff's second cause of action does add the word "discrimination" to its heading, and the supporting factual allegations include the words "retaliation" and "equal protection," the gravamen of the claim is plainly that plaintiff has been misclassified and denied good time credits he should be receiving as a matter of state law. While inmates sometimes do frame claims of discrimination and retaliation as violations of their federal constitutional rights, California law also prohibits discrimination and retaliation. And federal review is unavailable for claims that state law has been wrongly applied, which appears to be the core theory of plaintiff's second cause of action. This court will not construe a pro se claim as an attempted federal constitutional claim on the basis of stray words invoking federal constitutional concepts—especially where, as here, plaintiff has objected to removal. See ECF No. 4.[1]

Because no federal cause of action appears on the face of the complaint, it appears to the undersigned that this case properly belongs in state court. Defendants are ordered to show cause why the case should not be remanded for lack of federal jurisdiction.

### IV. Summary of Order for Pro Se Plaintiff

The removal of your case to federal court was only proper if your complaint includes a federal cause of action. It seems that you are not basing your claims on federal law or your federal rights, so the case should not have been removed. Negligence is a state law matter. Discrimination and retaliation can be state law or federal law issues, and whether you are misclassified or have been wrongly denied work credits is a state law issue. The defendants are

---

[1] Plaintiff has not moved for remand, but he did file a "response" objecting to removal after the fact. The court notes that plaintiff's response includes language reflecting the potential federal constitutional dimensions of his claim(s), but that does not change the fact that removal is proper only when the complaint itself presents a federal question. See Caterpillar, 482 U.S. at 392. The complaint here does not do so.

being ordered to show cause why your case should not be sent back to state court.  You may respond to whatever they file.  If you are pursuing only state law claims, your case will go back to state court; if you are basing even one claim on federal law, your case will stay in federal court.

## CONCLUSION

Accordingly, for the reasons explained above, defendants are HEREBY ORDERED TO SHOW CAUSE in writing, within thirty days, why this case should not be remanded to state court for lack of federal subject matter jurisdiction.  Plaintiff may file a response within thirty days thereafter.

DATED: June 8, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE