1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JOANNA B. HOOD, State Bar No. 264078
   Supervising Deputy Attorney General
3  SEAN W. LODHOLZ, State Bar No. 299096
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-7369
6   Fax: (916) 324-5205
    E-mail: Sean.Lodholz@doj.ca.gov
7  *Attorneys for Defendants Jubb and Lynch*

8

9                    IN THE UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13  | **MATTHEW B. CRAMER,** | 2:19-cv-02481-AC |
    |---|---|
14  | Plaintiff, | **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE AT ECF NO. 10** |
15  | v. | **[ECF No. 10]** |
16  | **JEFF LYNCH, et al.,** | Judge:        Allison Claire |
17  | Defendant. | Trial Date:    Not Set |
18  |  | Action Filed: September 25, 2019 |

19                              **INTRODUCTION**

20         Plaintiff Mathew B. Cramer (BA2144) is a California prisoner who filed this lawsuit in the

21  Sacramento County Superior Court on September 25, 2019.  Defendants subsequently removed

22  the case to federal court on December 12, 2019, because the Complaint included claims based on

23  the United States Constitution.  (ECF No. 1)  Specifically, Plaintiff's Complaint alleges that

24  Defendants were deliberately indifferent to his safety, that his workgroup placement violated his

25  right to equal protection, and he was being retaliated against based on protected conduct.  (*Id*. at

26  ¶¶ 8-26).  On December 26, 2019, Plaintiff responded to the removal of his case and confirmed

27  that he was alleging violations of the United States Constitution, including under the Eighth and

28  Fourteenth Amendments.  (ECF No. 4 at p. 4.)  However, Plaintiff objected to removal as

                                         1

1  premature because not all parties had been served. (*Id*. at p. 2.) On June 9, 2021, this Court

2  issued an order requiring Defendants to show cause why the case should not be remanded for lack

3  of federal jurisdiction. (ECF No. 10.) For the reasons stated below, this Court should not remand

4  the case on jurisdictional grounds.

5                                    **RESPONSE**

6       Defendants removed this action because they determined that Plaintiff's Complaint raised

7  claims under the United States Constitution on its face, and Plaintiff has since confirmed that he

8  is asserting such claims. (ECF Nos. 1, 4.); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)

9  (an action arises under federal law when a federal question is presented on the face of the

10 complaint). Although Plaintiff did file objections to removal, those objections were not premised

11 on a lack of federal question jurisdiction. (ECF No. 4.) Instead, Plaintiff felt removal was

12 premature because not everyone identified in his Complaint had been served.[1] (*Id*.)

13      Additionally, the Court's order to show cause acknowledged that Plaintiff has included

14 language in his Complaint invoking federal constitutional concepts, but appears to conclude that

15 these are insufficient to confer jurisdiction in light of the allegations in the Complaint. (ECF No.

16 10.) However, whether Plaintiff's allegations are actually sufficient to state a federal claim is a

17 separate question from whether the Court has jurisdiction to consider them. *Bell v. Hood*, 327

18 U.S. 678, 682, 66 S. Ct. 773, 776 (1946) (failure to state a cause of action is not a basis for a

19 jurisdictional dismissal). Furthermore, if this Court remands Plaintiff's case without addressing

20 his purported federal claims, a judgment on his state law claims may bar him from raising those

21 federal claims in the future, even if the deficiencies in his Complaint could have been cured by

22 amendment. *Palomar Mobilehome Park Ass'n v. San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993)

23 (res judicata doctrine bars "not only claims actually litigated in a prior proceeding, but also claims

24 that could have been litigated."); *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)

25 (same).

26

27      [1] 28 U.S.C. § 1446(b)(2)(A) only requires served defendants to join or consent to removal
and Plaintiff's concern that not all defendants were served at the time of removal does not present
an issue as the Court can order service on additional parties following screening if it retains the

28 case.

1    Therefore, because Plaintiff's Complaint raises claims under the United States Constitution,

2    Plaintiff has confirmed that he is raising claims under the United States Constitution, and remand

3    to state court could result in Plaintiff losing these claims, this Court should screen Plaintiff's

4    Complaint first and confirm that he has failed to state any federal claims and that the deficiencies

5    in his Complaint cannot be cured by amendment.  Then, to the extent that Plaintiff has stated

6    cognizable claims under California law, those claims can be remanded to the Sacramento County

7    Superior Court.

8                                            **CONCLUSION**

9        Because Plaintiff's Complaint raises claims under the United States Constitution, Plaintiff

10   has confirmed that he is raising claims under the United States Constitution, and remand to state

11   Court may result in Plaintiff losing these claims, Defendants request that this Court screen the

12   Complaint to confirm that Plaintiff's allegations fail to state any federal claims before remanding

13   to state court.

14   Dated:  July 7, 2021                          Respectfully submitted,

15                                                 ROB BONTA
                                                   Attorney General of California
16                                                 JOANNA B. HOOD
                                                   Supervising Deputy Attorney General
17
                                                   */s/ SEAN W. LODHOLZ*
18
                                                   SEAN W. LODHOLZ
19                                                 Deputy Attorney General
                                                   *Attorneys for Defendants*
20                                                 *Jubb and Lynch*

21   SA2019300814
     35199038.docx
22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Matthew Cramer v. Lynch, et al.**          No.   **2:19-cv-02481-AC**

I hereby certify that on <u>July 7, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>July 7, 2021</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Matthew B. Cramer
BA2144
Mule Creek State Prison
P.O. Box 409099
Ione, CA  95640

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 7, 2021</u>, at Sacramento, California.

|  |  |
|---|---|
| T. Farster | */s/ T. Farster* |
| Declarant | Signature |

SA2019300814
pos-cramer.docx