UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>        Defendants. | No. 2:19-cv-2481 AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, filed this lawsuit in the Superior Court for Sacramento County. Defendants Lynch and Jubb appeared, and removed the case to this court pursuant to 28 U.S.C. § 1441. ECF No. 1. Upon initial review of the complaint, the undersigned ordered defendants to show cause why the case should not be remanded to state court for lack of federal question jurisdiction. ECF No. 10. Plaintiff was provided an opportunity to respond to defendants' submission. Id. Defendants timely filed a Response to the Order to Show Cause. ECF No. 12. Plaintiff has not responded to defendants' submission and the time to do so has expired.

I.      Legal Standards Governing Removal and Remand

A defendant sued in state court may remove to the appropriate federal district court any civil action over which the district courts have original jurisdiction. See 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction, in pertinent part, over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule

1

governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citing, inter alia, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

It is defendant's burden, as the removing party, to establish that the federal court has jurisdiction over the removed case. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393-94 (9th Cir. 1988) (when removing on the basis of federal question jurisdiction, "[t]he party invoking the removal statute bears the burden of establishing federal jurisdiction"). Moreover, "[u]nder § 1447(c), the district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'" Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014). Courts "strictly construe the removal statute against removal jurisdiction," and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

II.     The Complaint

Plaintiff's complaint presents two express claims for general negligence, one of which is further designated by plaintiff as involving "discrimination." ECF No. 1 at 9, 10. No statutory or other legal basis for either cause of action is specified. Plaintiff's claims arise from his stabbing at CSP-Sacramento, following his transfer from Mule Creek State Prison. Plaintiff alleges in sum that the defendants knew he was a whistle-blower who had experienced a history of retaliation and whose safety would be jeopardized at CSP-Sacramento, but they failed to ensure his safety.

Claim One rests on the theory that plaintiff would not have been stabbed if defendants had properly listened to his complaints and noted his safety concerns. ECF No. 1 at 9. The complaint states that "Plaintiff Cramer's first cause of action is personal injury due to negligence; retaliation for whistle-blowing causing permanent emotional injury." Id. at 16.

////

Claim Two alleges retaliation and discrimination in the allocation of work and/or good conduct credits.  Id. at 10 ("I'm be[ing] discriminated in retaliation for complaints and… whistleblowing of abuse.").  Plaintiff alleges that he has been misclassified and wrongfully denied credits in retaliation for being a whistle-blower against CDCR staff.  Id. at 17, 19-20.  He contends this implicates "equal protection and/or discrimination, for retaliation."  Id. at 18.

III.   Discussion

The complaint before the court does not purport to bring suit for civil rights violations under 42 U.S.C. § 1983, it does not identify any other federal law as the legal basis for a cause of action, and it does not unambiguously identify any federal right as having been violated by defendants.  General negligence—the only express cause of action that is stated—is exclusively a state law matter.  While plaintiff's second cause of action does add the word "discrimination" to its heading, and the supporting factual allegations include the words "retaliation" and "equal protection," the gravamen of the claim is plainly that plaintiff has been misclassified and denied good time credits that he should be receiving as a matter of state law.  Both California and federal law prohibit discrimination and retaliation for protected conduct, so use of these words does not without more state a federal claim.  The California Constitution mandates equal protection of the laws just as the U.S. Constitution does, see Cal. Const., Art. I, Sec. 7(a), so plaintiff's use of the phrase "equal protection" does not plainly present a federal cause of action.

The fact that plaintiff's allegations and choice of words are *consistent* with an attempted federal claim does not meet the standard of the well-pleaded complaint rule, because the allegations and language are equally consistent with attempted state law claims.  In the absence of a well-pleaded federal basis for at least one of plaintiff's claims, and without regard for the sufficiency of the allegations to state a viable claim for relief under any theory, the undersigned finds that the face of the complaint does not present a federal question.

Defendants point to plaintiff's December 2019 objection to removal, which invoked the Eighth and Fourteenth Amendments in passing.  See ECF No. 4 at 4.[1]  If the Eighth and

---

[1]  As defendants note in their response to the OSC, plaintiff's objection to removal was based not (continued…)

1  Fourteenth Amendments had been identified in the complaint as the source of rights violated by
2  the defendants, then a federal question would be presented and no OSC would have issued. But
3  the jurisdictional question is limited to the four corners of the complaint. Caterpillar, 482 U.S. at
4  392. The complaint does not itself plainly identify any federal constitutional provision.

  Defendants also argue that "if this Court remands Plaintiff's case without addressing his purported federal claims, a judgment on his state law claims may bar him from raising those federal claims in the future, even if the deficiencies in his Complaint could have been cured by amendment." ECF No. 12 at 2. The court appreciates defendants' concern for plaintiff's interests. However, both state and federal courts have jurisdiction to entertain claims under 42 U.S.C. § 1983, and the undersigned in unaware of any prohibition on the amendment of pleadings in state court. Accordingly, remand would not necessarily extinguish any potential causes of action. Regardless of state court rules, however, this court may not maintain jurisdiction even for the purpose of screening and permitting amendment when the removed complaint does not itself present a federal question. It does not.

  Accordingly, this court lacks subject matter jurisdiction and the case should be remanded to state court.

IV.   Summary of Order for Pro Se Plaintiff

  The magistrate judge has concluded that your case should not have been removed to federal court, because the complaint does not include any claims that are obviously federal claims. It is being recommended that the case be sent back to state court. The district judge will make the final decision. If you want to object to remand, you need to do so according to the instructions below.

CONCLUSION

  Accordingly, the Clerk of Court is HEREBY ORDERED to randomly assign a district judge to this case.

---

on jurisdictional grounds but on the fact that not all defendants had yet been served. ECF No. 4. Although it is not entirely clear, plaintiff also appears to have opposed removal because in federal court his complaint would be screened and he would have to amend. Id. at 4.

It is FURTHER RECOMMENDED that this action be remanded to the Sacramento County Superior Court for lack of federal question removal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE